WINSTON & STRAWN LLP
The Legal Center
One Riverfront Plaza
Suite 730
Newark, New Jersey 07102
(973) 848-7676
James S. Richter

WINSTON & STRAWN LLP
200 Park Avenue
New York, New York  10166
Michael S. Elkin

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------- x
RPM Direct, LLC, RPM Data Solutions, LLC,  :
ExlService.com, LLC, and ExlService Holdings, : Hon.
Inc.,                                       :
                                            : Civil Action No.
                                            :
              Plaintiffs,                   :
                                            :
                                            : **COMPLAINT AND JURY DEMAND**
vs.                                         :
                                            :
                                            :
ALVIN COLLINS,                              :
                                            :
                                            :
              Defendant.                    :
---------------------------------------------------------- X

Plaintiffs RPM Direct, LLC, RPM Data Solutions, LLC, ExlService.com, LLC, and ExlService Holdings, Inc., by its undersigned counsel bring this action against Defendant Alvin Collins for declaratory and injunctive relief with regard to: (1) copyright-related claims; and (2) employment-related claims. In support hereof, Plaintiffs aver as follows:

## INTRODUCTORY STATEMENT

Plaintiffs are forced to bring this action for declaratory judgment as the result of claims by Defendant Alvin Collins that he asserts despite having been extraordinarily well compensated for years and despite executing binding promises that the works he created while performing his duties for his employer belong to his employer. Defendant Alvin Collins now seeks to effectively extort his employer by fabricating false claims of ownership in his employer's intellectual property. Given this actual controversy, and Plaintiffs' dependence on this intellectual property as an ongoing part of their business, Plaintiffs respectfully request a resolution of the ownership issue as swiftly as possible.

## THE PARTIES

1. RPM Direct, LLC and RPM Data Solutions, LLC (together, "RPM") is a company specializing in analyzing large consumer data sets to segment populations, predicting response rates, forecasting customer lifetime value, and designing and executing targeted, multi-channel marketing campaigns. RPM focuses on the insurance industry, including property and casualty, and life and health. Both of the RPM entities are New Jersey limited liability companies, with headquarters located in Lambertville, New Jersey.

2. ExlService.com, LLC and ExlService Holdings, Inc. (together, "EXL") is a leading business process solutions company that provides operations management, decision analytics, and technology platforms to organizations in insurance, healthcare, banking and

financial services, utilities, travel, and transportation logistics. ExlService.com, LLC is a Delaware limited liability corporation with an office in Jersey City, New Jersey, and ExlService Holdings, Inc. is a Delaware corporation with headquarters located in New York, New York. EXL acquired RPM on or about February 23, 2015.

3. RPM and EXL collectively are the "Plaintiffs."

4. Defendant Alvin Collins ("Mr. Collins" or "Defendant Collins") was employed by Plaintiffs from on or about November 15, 2010, through on or about August 11, 2015.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) as a matter arising under the laws of the United States, specifically, the Copyright Act, 17 U.S.C. § 101, et seq., and pursuant to 28 U.S.C. § 1367(a). This Court has supplemental and pendant jurisdiction over the state law claims under 28 U.S.C. § 1367 and under the doctrine enunciated in *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 16 L. Ed. 2d 218, 86 S. Ct. 1130 (1966). This Court also has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332 in that there is diversity of citizenship between Defendant Collins (who is a domiciliary of North Carolina) on the one hand and the Plaintiffs RPM (which is a New Jersey corporation with a principal place of business in New Jersey) and EXL (which is a Delaware corporation with a principal place of business in New York) on the other hand, and the amount in controversy is in excess of $75,000.00, exclusive of interest (note: for purposes of District of New Jersey Local Civil Rule 201.1(d)(3), the actual amount in controversy is in excess of $150,000.00).

6. The violations that form the basis of this action occurred and are continuing to occur within this District and thus venue is properly in this Court under Title 28 U.S.C. §§ 1391(b) and 1400(a).

7. During the relevant period, Mr. Collins was employed by RPM, a New Jersey limited liability company. Additionally, Mr. Collins' supervisors were and are located in New Jersey.

8. This action is also governed by a forum selection clause, to which Mr. Collins assented, that provides that any action is to be governed by New Jersey law and shall be instituted in a court in New Jersey.

## RELEVANT FACTS

**RPM's Development of Software to Create Its Database**

9. RPM relies upon a database that enables it to house, process, and interpret information crucial to providing its services to clients.

10. Prior to the year 2010, RPM outsourced the creation of this database.

11. During 2010, however, RPM decided to internalize the creation of this database. As such, RPM began to take action, and expend great cost, to develop the necessary software internally at RPM to facilitate the database's creation (the "Software").

12. RPM hired a large team of software programmers and developers to write code upon which the Software would be based. One of the software programmers and developers hired by RPM was Mr. Collins.

13. Indeed, on or about November 15, 2010, RPM offered Mr. Collins employment at RPM. Mr. Collins was a paid a total of $1,207,350.00, plus benefits, during his tenure with RPM.

14. Initially, RPM believed that the development of the Software would take one year and would cost $2 million. The Software took two years to develop at a cost of $6 million.

15. Mr. Collins worked with a group of numerous other individuals employed at RPM whose job responsibilities included developing the Software.

**Mr. Collins' Execution of a Work for Hire Agreement**

16. At the commencement of their employment RPM requested that the software programmers and developers writing code for the Software, including Mr. Collins, execute agreements establishing that their individual and collective contributions to the Software would be considered a work for hire.

17. Indeed, on or about February 15, 2011, Mr. Collins and RPM entered into a work for hire agreement (the "Agreement"). Section 8 of the Agreement, titled "***Work Made for Hire***," provided that "[y]ou agree that during your employment by RPM, any work created, developed or compiled by you, either alone or in conjunction with others, including but not limited to research, analysis, computer programs, software development, customer information, customer lists, employee lists, products, procedures or developments (collectively, 'Work') shall constitute 'WORK MADE FOR HIRE' as defined in the United States copyright laws, and RPM shall have the sole right, title and interest in and to the Work, including any copyright therein."

18. Included in the Agreement were several sections pertinent to this action.

19. First, as referenced above, Section 5, titled "***Applicable Law and Venue***," provided that "[y]ou acknowledge that this Agreement shall be governed and construed in accordance with the laws of the State of New Jersey. Any dispute arising under this [A]greement shall be determined in a court of competent jurisdiction in New Jersey. You agree that you will submit to the jurisdiction of any court in New Jersey in which RPM may institute suit."

20. Second, Section 13, titled *"Injunctive Relief, Integration and Applicable Law,"* provided that "[y]ou acknowledge that a breach of this Agreement will cause RPM irreparable harm and you agree that in the event of a breach, RPM will be further entitled to obtain an injunction against you in addition to any other remedy available at law or in equity."

21. Third, Section 6, titled *"No use of Others' Information,"* provided that "[y]ou acknowledge that at the time of the signing of this Agreement, you have no obligation to any prior employer or other person which would interfere with the performance of your work for RPM or which will result in a conflict of interest for you or for RPM, its vendors or customers. You represent that you have no commitments or restrictions on your services at RPM as a result of any past agreements. You further understand that you will not reveal to RPM or use for RPM's benefit any information that is proprietary or confidential to anyone else."

**EXL's Purchase of RPM**

22. On or about February 23, 2015, EXL and RPM executed a securities purchase agreement whereby EXL purchased all securities owned by RPM.

**Termination of Mr. Collins' Employment with RPM**

23. On or about August 11, 2015, Plaintiffs terminated Mr. Collins' employment.

**Mr. Collins' Allegations Against RPM, Including His Alleged Ownership in the Software**

24. In September 2015, Mr. Collins made a written demand that he be credited ownership in the Software due to his allegation that he made a small contribution of code to the Software.

25. Mr. Collins also alleged that he wrote some of the code he contributed to the Software after he was hired by RPM but prior to his first day of work with RPM. This allegation

is in clear disregard of RPM's prohibition against using any previously written code in creating the Software, as well as in clear disregard of the Agreement.

26. In any event, even if Mr. Collins created any portion of the Software outside of the Agreement with RPM, the Software used by RPM is a derivative work of any prior claimed copyrighted contribution by Mr. Collins; and as such, Mr. Collins cannot claim ownership in the derivative work that comprises the entirety of RPM's intellectual property.

27. Moreover, given the failure to disclose the allegation that Mr. Collins was introducing into RPM's Software any work outside of his employment with RPM, and given the reliance by RPM on Mr. Collins' representations that he would not use any preexisting work and on the representations contained in the Agreement, to RPM's detriment, Mr. Collins is estopped and precluded from claiming a copyright claim in RPM's software.

28. Based on the foregoing, contrary to Mr. Collins' claims, RPM owns the entirety of its Software.

29. Still, Mr. Collins has continued to allege ownership in the Software and has demanded compensation for his alleged contribution to the Software.

30. Mr. Collins made this allegation despite the fact that he assisted in developing the Software while employed by RPM, and per the Agreement, a "work created, developed or compiled" by Mr. Collins during his employment with RPM constitutes "Work for Hire."

31. Furthermore, Mr. Collins made the allegation that his contribution to the Software is the basis for Plaintiffs' financial success and that he is owed additional compensation under a claimed agreement between him and RPM.

32. Mr. Collins also claims that Plaintiffs terminated him because they did not want to provide Mr. Collins compensation for his contribution to the Software, and claims that such

action constitutes wrongful termination. Mr. Collins has claimed imagined harm in excess of $150,000.00.

33.   Plaintiffs do not owe Mr. Collins any compensation and never entered into any such agreement related to Mr. Collins' claimed contribution to the Software.

## COUNT I

### Declaratory Relief Pursuant to 28 U.S.C. § 2201, et seq. (Declaratory Judgment Act) and the Copyright Act (Title 17 of the U.S. Code)

34.   Plaintiffs repeat the allegations contained above as if such allegations were fully set forth at length herein in their entirety.

35.   As defined in both the United States Copyright Act and the Agreement, any work made within the scope of Mr. Collins' employment with RPM constitutes a work made for hire. This includes works Mr. Collins made alone or in conjunction with other RPM or EXL employees.

36.   As a work for hire, Plaintiffs are the legal and beneficial owner of the exclusive copyrights in the Software.

37.   Furthermore, Mr. Collins was aware of and consented to RPM's use of any small portion of code that he may have contributed to the Software. Therefore, Plaintiffs' use of any such code qualifies the Software as a derivate work to which Plaintiffs would be the legal and beneficial copyright owners.

38.   Additionally, Mr. Collins was aware of and consented to RPM's use of any small portion of code that he may have contributed to the Software. RPM relied on Mr. Collins' consent to use any code he may have created in the development of the Software. As such, Mr. Collins is estopped from bringing a claim of infringement against RPM for the incorporation into the Software of any code created by Mr. Collins.

39. Furthermore, even assuming *arguendo* that Mr. Collins created some portion of code used in the Software prior to his actual first day of work at RPM, upon information and belief Mr. Collins' development of any such code was done in anticipation of his employment with RPM.

40. Mr. Collins has claimed imagined harm in excess of $150,000.00, and Plaintiffs have actually been harmed in an amount in excess of $150,000.00 to be determined at trial.

41. The controversy between Mr. Collins and Plaintiffs is real and substantial and demands specific relief through a decree of a conclusive character. Indeed, there is a case of actual controversy with regard to whether Plaintiffs own the copyrights in the Software and as such no use by Plaintiffs of the Software infringes any copyright owned by Mr. Collins. There is also a case of actual controversy with regard to whether the Software constitutes a derivative work to which Plaintiffs own the copyright. Finally, there is a case of actual controversy with regard to whether Mr. Collins is estopped from bringing claims of copyright infringement against RPM concerning the Software.

42. Plaintiffs are entitled to declaratory judgment that: (i) Plaintiffs are the legal and beneficial owners of the copyright in the Software; (ii) the Software constitutes a derivative work to which Plaintiffs own the copyright; and (iii) Mr. Collins is estopped from bringing claims of copyright infringement against RPM concerning the Software.

## COUNT II

**Declaratory Relief Pursuant to 28 U.S.C. § 2201, et seq. (Declaratory Judgment Act)**

43. Plaintiffs repeat the allegations contained above as if such allegations were fully set forth at length herein in their entirety.

44. Mr. Collins alleges that his contribution to the Software is the basis of Plaintiffs' financial success and that he is owed additional compensation under a claimed agreement between him and RPM. Mr. Collins further alleges that Plaintiffs terminated Mr. Collins because they did not want to compensate him for his alleged contribution to the Software, an action that Mr. Collins claims constitutes wrongful termination.

45. This outrageous claim is clearly for the purpose harassment and intimidation in an attempt to pressure RPM to provide Mr. Collins with compensation for his alleged contribution to the Software. The simple facts are that Mr. Collins' contribution to the Software, if any, was but a small part of the entire Software, that RPM did compensate Mr. Collins for his efforts while at RPM in excess of $1,207,350.00, and Plaintiffs do not owe Mr. Collins any compensation and never entered into any such agreement related to his claimed contribution to the Software. As such, RPM did not wrongfully terminate Mr. Collins.

46. Mr. Collins has claimed imagined harm in excess of $150,000.00, and Plaintiffs have actually been harmed in an amount in excess of $150,000.00 to be determined at trial.

47. While this claim is frivolous, Mr. Collins' continued assertion of such a claim causes Plaintiffs to choose between conceding to Mr. Collins' baseless demands and risking liability. The controversy between Mr. Collins and the Plaintiffs is real and substantial and demands specific relief through a decree of a conclusive character.

48. Indeed, there is a case of actual controversy with regard to whether Plaintiffs wrongfully terminated Mr. Collins to avoid compensating him for any alleged contribution to the Software.

49. Plaintiffs are entitled to declaratory judgment that they did not terminate Mr. Collins to avoid compensating him for any alleged contribution to the Software and that

Plaintiffs do not owe Mr. Collins any additional compensation or payment related to the Agreement or his employment.

## PRAYER FOR RELIEF

**WHEREFORE**, RPM requests that this Court enter judgment in its favor and against Mr. Collins, as follows:

a. Declaring that:

   i. As a work for hire, Plaintiffs are the owners of any copyrights with regard to the Software;

   ii. Plaintiffs' use of any code created by Mr. Collins qualified the Software as a derivative work to which Plaintiffs would be the legal and beneficial copyright owners;

   iii. Mr. Collins consented to, and assisted with, Plaintiffs' use in the Software of any code created by Mr. Collins, thus estopping Mr. Collins from bringing a claim of copyright infringement with respect to Plaintiffs' use of the Software; and

   iv. Plaintiffs did not wrongfully terminate Mr. Collins and do not owe Mr. Collins any additional compensation or payment related to the Agreement or his employment.

b. Enjoining and restraining Mr. Collins and his respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Mr. Collins from reproducing, copying, manufacturing, duplicating, disseminating, distributing, or using any unauthorized copies of the Software or any of the code comprising the Software;

c. Requiring Mr. Collins to represent that all copies of the Software in his possession have been destroyed or returned, including any copies given or provided to any third parties, including counsel or consultants, which must be immediately identified;

d. Enjoining Mr. Collins from violating the terms of the Agreement;

e. Compensatory, consequential, and punitive damages in an amount to be determined at trial;

f. Attorneys' fees and court costs; and

g. Such other relief the Court may deem just and appropriate.

WINSTON & STRAWN LLP<br>
Attorneys for Plaintiffs<br>
<br>
By: _____<br>
James S. Richter<br>
Michael S. Elkin

OF COUNSEL:

Thomas Patrick Lane
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166-4193

Dated: December 22, 2015

## JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues so triable.

WINSTON & STRAWN LLP<br>
Attorneys for Plaintiffs<br>
<br>
By: _____<br>
James S. Richter

Dated: December 22, 2015

-11-

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Pursuant to Local Civil Rule 11.2, I hereby certify that the within action is not the subject of any other action pending in any Court, or of any pending arbitration or administrative proceeding.

*James S. Richter*

Dated: December 22, 2015

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1(d)(3)

Pursuant to Local Civil Rule 201.1(d)(3), I hereby certify that this matter seeks declaratory relief, the value of which exceeds $150,000.00.

*James S. Richter*

Dated: December 22, 2015